IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal No. 22-146 |
| v. | ) | |
| | ) | [UNDER SEAL] |
| JAMES SMELKO | ) | |

FILED
JUN 07 2022
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Benjamin J. Risacher, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Possession of Morphed Material Depicting the Sexual Exploitation of a Minor<br><br>On or about May 7, 2021 | 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) |

### II. ELEMENTS OF THE OFFENSE

**As to Count One:**

In order for the crime of Possession of Morphed Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and

1

2252A(b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly possessed a visual depiction.

    2.    That the item which contained the visual depiction had been mailed, transported or shipped using any means or facility of interstate or foreign commerce, or had been produced using materials which had been mailed, shipped, or transported in or affecting interstate or foreign commerce, by any means, including by computer.

    3.    That the visual depiction was child pornography, as defined in Title 18, United States Code, Section 2256(8)(c).

    4.    That the defendant knew of the sexually explicit nature of the material and that the visual depiction(s) were of an identifiable minor, as defined in Title 18, United States Code, Section 2256(9).

### III. PENALTIES

**As to Count One: Possession of Morphed Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2)):**

    1.    Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or

transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

    2.    A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of at least 5 years, up to life (18 U.S.C. § 3583(k)).

    4.    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013(a)(2)(A).

An additional special assessment of $5,000.00 must be imposed as the offense was committed after May 29, 2015, and the offense is located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Further, pursuant to 18 U.S.C. § 2259A, an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252A(a)(5).

## V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, 3664, and 2259. Pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*/s/ Benjamin J. Risacher*
BENJAMIN J. RISACHER
Assistant U.S. Attorney
PA ID No. 318436