IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )    Cr. No. 22-146 |
| | ) |
| JAMES SMELKO | ) |

**Opinion and Order on Motion to Suppress Evidence**

Presently before the Court is Defendant James Smelko's Motion to Suppress Evidence with Brief in Support. ECF Nos. 35 & 36. Mr. Smelko argues that agents, executing a search warrant at 524 Franklin Street, unlawfully extended the search into Mr. Smelko's separate private living space within the residence, in violation of his Fourth Amendment rights. He argues that all evidence seized as a result of the search must be suppressed. The government has filed a Response opposing the Motion, to which Mr. Smelko has filed a Reply. ECF No. 38 & 39. An evidentiary hearing was held on October 20, 2022. ECF No. 48. At the hearing, the government presented the testimony of Detective Scott Klobchar of the Allegheny County Police Department and Federal Bureau of Investigation Special Agent Mark Danna. ECF No. 48 & 48-1. After careful review of the challenged Affidavit, search warrant, the Suppression Motion, all briefing, testimony and exhibits offered at the hearing, and applicable case law, the Motion to Suppress Evidence will be denied.

**I. Background**

The factual background relevant to the Motion to Suppress comes from the facts learned during the investigation, which led to law enforcement drafting an Affidavit in Support of an Application for a Search Warrant to search George E. McCauley's single-family residence at 524 Franklin Street, East Pittsburgh, PA 15112. Aff. Supp. App. for Search Warrant, ECF. 38-1,

Gov. Ex. A.[1]  The Affidavit was authored by Detective Scott Klobchar, who, at the time, was assigned to the FBI's Child Exploitation and Human Trafficking Task Force.  Aff. at 3.

The Affidavit recounts that, on March 23, 2021, the National Center for Missing and Exploited Children received a CyberTip from Google, reporting that a user had uploaded twenty-nine images of suspected child pornography to the user's Google photos account.  *Id.* at 4.  Google identified the account user as Gilbert McCauley with a date of birth of 2/18/1950.  *Id.*  Google also identified the telephone number (412-583-3810) and email address (ireland2you@gmail.com) associated with the account.  *Id.*  The National Center for Missing and Exploited Children reported that Gilbert McCauley was currently registered as a sexual offender under Pennsylvania's Megan's law.  *Id.* at 5.  Detective Klobchar confirmed that Mr. McCauley, with a date of birth of 2/18/1950, appeared as a registered sex offender on Pennsylvania's Megan's Law website, and that he resided at 524 Franklin St East Pittsburgh PA 15112.  *Id.*  Google also reported to the National Center for Missing and Exploited Children that on March 19, 2021, the username "Gilbert McCauley" logged into their Google account with the associated email address, ireland2you@gmail.com, and IP address 100.6.10.146.  *Id.*  That same IP address was reported by Google to have been used to login into the same Google account seventy-eight times since July 16, 2020.

Detective Klobchar reported that he had viewed the images uploaded on March 23, 2021, and confirmed that they depicted child pornography; specifically, "young naked prepubescent female children exposing their genitals in a sexual act/or pose."  *Id.* at 4.  He further reported that he learned that the IP address, 100.6.10.146, appeared to belong to Verizon

---

[1] "Because our Fourth Amendment inquiry turns on the sufficiency of the affidavit[] of probable cause presented to the issuing magistrate, the facts are largely drawn from those affidavits."  United States v. Zimmerman, 2 F.4th 160, 164 (3d Cir. 2021).

Communications.  *Id.* at 5.  Detective Klobchar also investigated the telephone number, 412-583-3810, which confirmed that it was assigned to Gilbert McCauley with a current address of 524 Franklin St East Pittsburgh, PA 15112.  *Id.*  On April 21, 2021, Detective Klobchar obtained a search warrant for the aforementioned Google account as associated with the account that belonged to George McCauley, date of birth of February 18, 1950 and telephone number of 412-583-3810.  *Id.*  Through a search warrant, Detective Klobchar learned that telephone number 412-583-3810 was connected with an AT&T account registered to Gilbert McCauley, having a billing address in Ohio.  *Id.* at 5-6.  On April 29, 2021, Detective Klobchar also obtained a search warrant for the Verizon IP address of 100.6.10.146.  *Id.* at 6.  In response to said warrant, Verizon reported that the subscriber information for the IP address 100.6.10.146 belonged to Gilbert McCauley, with a residence address of 524 Franklin St, East Pittsburgh, PA 15112.  *Id.*

Detective Klobchar summarized the suspected illegal child pornography activity reported by Google and the National Center for Missing and Exploited Children to law enforcement.  The suspected illegal activity, whether reported as occurring through Google or through the IP address 100.6.10.146, shared the same email address (ireland2you@gmail.com), the same telephone number (412-583-3810), the same named owner (George McCauley), and the same residence address (524 Franklin St East Pittsburgh, PA 15112).  *Id.*  The known facts lead Detective Klobchar to believe that George McCauley was likely responsible for uploading illegal child pornography images and that he was also likely to possess child pornography images at his residence.  *Id.*

In his Affidavit, Detective Klobchar sought, and obtained, authorization to search Mr. McCauley's residence and curtilage.  Search Warrant, at 1.  Detective Klobchar believed that there was probable cause to believe that evidence and instrumentalities of violations of the

Sexual Abuse of Children, 18 U.S.C. § 6312, would be found in the residence and curtilage. *Id.* at 9. On May 6, 2021, Allegheny County Court of Common Pleas Judge Jill E. Rangos authorized the Search Warrant.

On May 7, 2021, law enforcement executed the warrant at George McCauley's residence. Upon entering the residence, law enforcement encountered James Smelko, who was living in the residence. The officers had no advance knowledge that anyone else was living with Mr. McCauley and no prior specific knowledge of Mr. Smelko. Mr. Smelko rented and lived in two upstairs rooms in the residence, a bedroom and a study. After speaking with Mr. Smelko, the officers continued to search the entire residence, including Mr. Smelko's rooms. As a result of the evidence obtained from the search, Mr. Smelko was charged with one count of possession of morphed material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & 2252A(b)(2).

## II. Applicable Law

The Fourth Amendment of the United States Constitution protects the public from unreasonable searches and seizures. When making a probable cause determination, a magistrate must ascertain "whether there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir.1993) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (internal citations omitted)). The test, as set forth in *Gates*, requires that the issuing magistrate "make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information," there is probable cause to support a warrant. *Id.* at 238. A magistrate's "determination of probable cause should be paid great deference by reviewing courts." *Id.* at 236.

"The duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Gates*, 462 U.S. at 236 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).  "The supporting affidavit must be read in its entirety and in a commonsense and nontechnical manner." *Conley*, 4 F.3d at 1208.  A warrant must be upheld "as long as there is a substantial basis for a fair probability that evidence will be found." Id. at 1205.  Reviewing courts, however, must not "simply rubber stamp a magistrate's conclusions." *United States v. Tehfe*, 722 F.2d 1114, 1117 (3d Cir.1983).

### III. Discussion

The Affidavit provided sufficient facts to establish probable cause to support the issuance of the search warrant for the residence and curtilage of 524 Franklin Street.  Mr. Smelko, however, contends that the Affidavit lacked probable cause to permit a search of Mr. Smelko, his rooms, or his belongings.  He argues that the search unlawfully exceeded the scope of the search warrant in two ways.  First, he asserts that neither the Affidavit nor the search warrant mention Mr. Smelko by name nor refer to any unidentified person who may be associated with the residence.  Mr. Smelko argues that the absence of his name from the Affidavit and search warrant means that Mr. Smelko was not a target of the investigation; and therefore, probable cause to search his rooms did not exist.

Next, Mr. Smelko argues that the search exceeded the scope of the warrant, because the officers lacked probable cause to search his separate residential unit within the single-family residence. *United States v. Ritter*, 416 F.3d 256, 266 (3d Cir.2005) (citing *Maryland v. Garrison*, 480 U.S. 79, 87 (1987)).  The search warrant described the premises to be searched as a single-family two-story residence owned, occupied, or possessed by Gilbert McCauley and located at 534 Franklin Street.  Mr. Smelko argues that once law enforcement encountered Mr.

5

Smelko inside 524 Franklin Street and saw that that he resided in a separate living unit within the house, law enforcement lacked probable cause to search his rooms, and they were "obligated to either limit the search to those areas clearly covered by the warrant or to discontinue entirely [the] search." *Ritter*, 416 F.3d at 266 (quoting *Garrison*, 480 U.S. at 87.

The government maintains that the Affidavit provides probable cause to search the entire residence at 524 Franklin Avenue. The government argues that, upon encountering Mr. Smelko in the residence, the officers did not observe sufficient indicia of any separate living unit within Mr. McCauley's house or otherwise observe that the residence was a multi-unit dwelling. Therefore, the government argues that the search warrant validly authorized the search of the entire residence.

### A. Mr. Smelko's Absence from the Affidavit and Search Warrant

Prior to the search, the investigation revealed, among other things, that child pornography was connected to a Google account, an IP address, an email address, a telephone number, and the residence at 524 Franklin Street. Also, Mr. McCauley was directly associated with the same Google account, IP address, email address, telephone number, and residence. Mr. Smelko's name did not appear in the Affidavit or the search warrant, because the government had no knowledge of Mr. Smelko or his connection to 524 Franklin Street until they executed the search warrant. As such, the officers had no knowledge that Mr. Smelko lived with Mr. McCauley until the day they executed the search warrant. Therefore, the suppression issue concerns whether, once they encountered Mr. Smelko within the target residence, did the officers have probable cause to search Mr. Smelko's rooms based upon the search warrant they had at the time.

B.        **Probable Cause to Search Mr. Smelko's Rooms**

The Court finds that the search warrant authorized the search of the entire residence, curtilage, and all digital devices as stated in the Affidavit. *United States v McClellan*, 792 f3d 200, 212 (1st Cir. 2015) ("a warrant for a single-unit residence authorizes the search of that entire dwelling regardless of who the area being searched belongs to, so long as the items delineated in the warrant could reasonably be found in the searched area."). Mr. Smelko does not dispute the above general statement of the scope of the warrant; but, he argues that the scope of the warrant did not extend into his rooms because they were his separate living units. As explained below, the agents did not exceed the scope of the warrant by searching Mr. Smelko's room.

1.        **The Target Residence and Suspect(s)**

In support of probable cause to search 524 Franklin Street for evidence of child pornography, law enforcement learned that alleged child pornography had been uploaded from a Google account using a specific IP address, both of which were connected to 524 Franklin Street. The investigation also revealed that Gilbert McCauley was the sole owner of 524 Franklin Street, the owner of the Google account at issue, and the subscriber for the IP address at issue. Mr. McCauley's email and telephone number were also connected to the house and the computer accounts. The evidence, as a whole, circumstantially implicated Mr. McCauley as the person who likely accessed child pornography from the 524 Franklin Street residence. The investigation was ongoing; and, although Mr. McCauley was a suspect, indeed a prime suspect given his own criminal background, prior to uncovering evidence that might lead them to a different suspect, law enforcement at the time could not have known for certain, who or how many persons or which digital devices located at 524 Franklin Street had accessed child pornography from that

location. The Affidavit itself presumes that the identity of the person accessing the internet to commit unlawful acts is as yet unknown: "Your affiant believes that images of Child Pornography will be found on the computer's cellular phones and/or other storage media located at **524 Franklin St East Pittsburgh, PA 15112**, which will lead to the identity of the individual/s who possess child pornography." Aff. 8. Thus, when law enforcement encountered a previously unknown resident, Mr. Smelko, at 524 Franklin Street, he immediately became a suspect, given that he too may have had access to the internet services at 524 Franklin Street.

### 2. Mr. Smelko's Rented Rooms

After encountering Mr. Smelko, the officers searched his rooms and property, including his computer. The officers' on-scene observations did not support any conclusion that Mr. Smelko resided in any separate living unit within the house. Gov. Ex. B ("As the warrant was being executed, it was determined that Smelko lived and shared all common areas with the homeowner Gilbert McCauley.") The officers observed that Mr. Smelko had two rooms on the second floor, but they did not observe any indication that that he occupied a separate self-contained, apartment-like living space within the residence. They did not observe a separate entrance, separate mailbox, or any other indicia to fairly demonstrate that his rooms were part of a multi-unit dwelling. The 524 Franklin Street single-family house fairly appeared to the officers to be a single-family house, and not a multi-unit dwelling.

The evidence demonstrates that 524 Franklin Street was a single-family house, and not a multi-unit dwelling or apartment building. Mr. Smelko maintains that he rented a bedroom and a study on the second floor of the house. At the evidentiary hearing, the government introduced exterior and interior photographs of 524 Franklin Street. Such evidence supports that Mr. Smelko did not live in a separate residence within Mr. McCauley's house. Gov. Ex. E-I; Gov.

Resp. Opp. 7-10, 22-24.  The photographs showed that 524 Franklin Street was in fact a single-family residence.  Law enforcement's testimony, as to the nature of the house as they encountered it and as depicted in the photographs, support that the house was a single-family home.  Mr. Smelko occupied a bedroom and a study; however, neither was equipped for independent living.  He did not have a separate outside entrance into either room.  The residence had a single front door entrance to access all living areas in the house.  There was a single doorbell and a single mailbox at the entrance to the residence.  Mr. Smelko's name was not on the mailbox, and the two rooms he occupied did not have separate internal restroom, kitchen, or utility services.  Although one room had a refrigerator, there were no kitchen facilities in either room.  In addition, the officers testified that there was no locked door to the second floor, no lock on the door to Mr. Smelko's study, and the bedroom door was not locked.

Persons living in separate residential units or apartments have an inherent expectation of privacy from the separateness of the dwellings, the ability to regulate entry by other persons, and to separately engage in all activities of daily living, such as bathing, cooking, and eating, within their separate residential space.  The two rooms, as claimed by Mr. Smelko within 524 Franklin Street residence, lacked all such indicia of separateness and privacy qualities.  As such, in the totality of the evidence, 524 Franklin Street was not a multi-unit dwelling or apartment house.  Therefore, Mr. Smelko did not have any separate individual and independent expectation of privacy within the two rooms of the 524 Franklin Street residential property.

Reinforcing this conclusion, is the Third Circuit's decision in *Durham v. McFlynn*, cited by the government, and which concerned the execution of a search warrant at a single-family residence where a roommate also resided.  Therein, the Court held,

> While Durham may have had a roommate, this does not convert his single-family home into an apartment house or multi-unit building.  The search warrant descried

> the place to be searched as 'the residence and curtilage of 2304 French St.' and that is what was searched.

254 F.App'x 892, 896 (3d Cir. 2007).[2] Mr. Smelko argues that *Durham* should have minimal impact on the instant case because it was a non-precedential and unpublished decision and because it concerned a section 1983 civil rights claim. Def. Reply 2. Nonetheless, the *Durham* Court's general statement, that having a roommate does not convert a single-family house into a multi-unit dwelling, is clearly the circumstance presented in the instant case. The Court finds that law enforcement's search and seizure of property from Mr. Smelko's rented rooms was properly within the scope of the search warrant for 524 Franklin Street. As such, there was no violation of Mr. Smelko's Fourth Amendment rights.

### IV. Conclusion

Notwithstanding Mr. Smelko's status as a renter of two upstairs rooms in Gilbert McCauley's single-family home, there was no Fourth Amendment violation in the search and seizure of property from the two rooms that Mr. Smelko rented at 524 Franklin Street. Therefore, Mr. Smelko's Motion to Suppress Evidence will be denied.

### ORDER

AND NOW, this 22nd day of June 2023 it is hereby ORDERED that Defendant James Smelko's Motion to Suppress Evidence (ECF No. 35) is DENIED.

*[signature: Marilyn J. Horan]*
Marilyn J. Horan
United States District Judge

---

[2] The *Durham* decision was recently cited favorably, with recognition that it is nonprecedential, by the Honorable Christopher C. Conner of the Middle District of Pennsylvania, for the proposition that the presence of a roommate does not convert a single-family home into a multi-unit dwelling or apartment house. *United States of America v. Wesley Garner*, No. 1:19-CR-259, 2023 WL 3794513, at *6 (M.D. Pa. June 2, 2023) (citing cases finding the same).