IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.                                                    Case No. 22-146

JAMES SMELKO,
Defendant.

## MOTION TO DISMISS INDICTMENT

AND NOW, comes the Defendant, James Smelko, by and through his attorney, Robert

Staley Carey, Jr., and files this Motion to Dismiss Indictment and in support hereof states the

following:

1. By indictment dated June 7, 2022, James Smelko ("Defendant") was charged at

   Criminal No. 22-146 with one count of possession of child pornography in violation

   of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2). *See*

   *Document # 3.*

2. The indictment alleges that the Defendant knowingly possessed an image of child

   pornography as defined in Title 18, United States Code, Section 2256(8)(C). *See id.*

3. Section 2256(8)(C) reads as follows:

   (8) "child pornography" means any visual depiction, including any photograph, film,
   video, picture, or computer or computer-generated image or picture, whether made or
   produced by electronic, mechanical, or other means, of sexually explicit conduct
   where-
   (C) such visual depiction has been created, adapted, or modified to appear that an
   identifiable minor is engaging in sexually explicit conduct.

**Overbreadth**

The First Amendment commands, "Congress shall make no law…abridging the freedom

of speech."  "The Constitution gives significant protection from overbroad laws that chill speech

within the First Amendment's vast and privileged sphere." *Ashcroft v. Free Speech Coalition,*

1

*535 U.S. 234, 244 (2002).*  The Government may not suppress lawful speech as the means to suppress unlawful speech.  Protected speech does not become unprotected merely because it resembles the latter.  The Constitution requires the reverse.  "The possible harm to society in permitting some unprotected speech to go unpunished is outweighed by the possibility that protected speech of others may be muted."  *Broadrick v. Oklahoma, 413 U.S. 601, 612 (1973).*  The overbreadth doctrine prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process.  *Ashcroft, at 255.*

In *Ashcroft,* the Supreme Court determined that a statute banning virtual child pornography was overbroad and unconstitutional.  *Id. at 256.*  At issue here, Section 2256(8)(C) bans morphed child pornography which the Supreme Court noted "may fall within the definition of virtual child pornography."  *Id. at 242.*  The images in this case do not depict the sexual abuse of real children.  These images are a collage that are readily distinguishable from illegal child pornography.  The Supreme Court has recognized there is no support for statutes such as Section 2256(8)(C) that eliminate the distinction between virtual and actual child pornography.  *Id. at 236.*

**Vagueness**

"In our constitutional order, a vague law is no law at all."  *United States v. Davis, 139 S. Ct. 2319, 2323 (2019)*. The Constitution requires that federal criminal laws "give ordinary people fair warning about what the law demands of them" and avoid leaving them "with no sure way to know what consequences will attach to their conduct."  *Id.* When laws fail to provide such notice, and instead "hand off the legislature's responsibility for defining criminal behavior to unelected prosecutors and judges," "the role of courts under our Constitution is not to fashion a new,

2

clearer law to take its place, but to treat the law as a nullity and invite Congress to try again." *Id.*

*at 2323*.

Such is the case with Section 2256(8)(C).  This Section bans possession of images of

"identifiable" minors.  Subsection 9 reads as follows:

> (9) "identifiable minor"—
> (A) means a person—
> (i)(I) who was a minor at the time the visual depiction was created, adapted, or modified; or
> (II) whose image as a minor was used in creating, adapting, or modifying the visual depiction; and
> (ii) who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature; and
> (B) shall not be construed to require proof of the actual identity of the identifiable minor.

Where can "ordinary people" look for a "sure way to know" if they can exercise their

First Amendment rights?  Not to the statute's text.  Subsection 9's reliance on recognizability

and proof of identify undermines the validity of the law.  As written, a citizen has no notice that

possessed images are unlawful because the law requires third party recognitions and

identification.  Case law also provides no guidance.  There is no on point case precedent

examining Section 2256(8)(C).  Accordingly, most people will have no way of knowing if they

possess illegal child pornography without being shackled by the government and possibly

subjected to months of pre-trial detention while waiting to learn the answer.

The consequence is straightforward: The Court must "treat Section 2256(8)(C) as a

nullity and invite Congress to try again." *Davis, 139 S. Ct. at 2323.*

3

**Conclusion**

For the foregoing reasons, the indictment against James Smelko should be dismissed in full.

Respectfully submitted,

*Robert Carey*

Robert Staley Carey, Jr.
PA ID# 85155
Attorney for James Smelko