IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>              v.<br><br>JAMES SMELKO | Criminal No. 22-cr-146 |

**GOVERNMENT'S RESPONSE TO MOTION TO DISMISS INDICTMENT**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Michael L. Mitchell, Assistant United States Attorney for said District and respectfully submits Government's Response to Defendant's Motion to Dismiss this Indictment.

In his Motion to Dismiss this Indictment the Defendant raises two arguments, first that the statute is overbroad and in violation of the First Amendment, and second that the statute is unconstitutionally vague. In both instances the Defendant is attacking the statute defining "child pornography" at Title 18 United States Code, Section 2256(8)(C). The definition of child pornography provided by the statute does not implicate First Amendment protections and is not unconstitutionally vague, accordingly this Court should DENY Defendant's Motion to Dismiss this Indictment.

**FACTS**

The Defendant, James Smelko, was charged by Indictment with one count of possession of material that contained an image of child pornography by a Grand Jury on June 7, 2022, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2). *See Defendant's Motion to Dismiss*. Child pornography, as relied on by this Indictment, is a legal term of art defined at Title 18, United States Code, Section 2256(8)(C). Title 18, Section 2256(8)(C)

defines child pornography as "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where – (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." The images contemplated by this definition are commonly referred to as "morphed images."

## OVERBREADTH

Title 18, United States Code, Section 2256(8)(C), is not overbroad and does not suppress lawful speech. In his Motion to Dismiss, the Defendant relies heavily on the *Ashcroft v. Free Speech Coalition*, decision that struck down Title 18, United States Code, Section 2256(8)(B) for being overbroad and suppressing lawful speech. 535 U.S. 234, 244 (2002). Importantly, the Supreme Court did not consider the definition of child pornography outlined in Title 18 United States Code, Section 2256(8)(C) at all when making their decision in *Ashcroft*; however, the Court did note that while "morphed images may fall within the definition of virtual child pornography, they implicate the interests of real children." *Id*. at 242.

There are important differences in the definitions between Sections 2256(8)(B) and (8)(C). United States Code, Section 2256(8)(B) defines child pornography as a "visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct." As stated above, Section 2256(8)(C) requires that an "**identifiable** minor" be shown engaging in sexually explicit conduct. (emphasis added). Simply put, Section 2256(8)(B) does not require a real minor to be pictured in its images for a violation to occur. This contrasts with Section 2256(8)(C) which requires that actual minors be depicted. In its *Ashcroft* decision the Supreme Court specifically discussed and contemplated

that Section 2256(8)(B) did not require the display of actual minors, and that the language "appears to be" could prevent even adult actors, who look like minors, from engaging in sexual acts onscreen. 535 U.S. at 241.

It does not appear to the Government that the definition for child pornography outlined in Section 2256(8)(C) has been challenged in the Third Circuit; however, several Circuits have found the provision to be constitutional. In *United States v. Hotaling*, 634 F.3d 725, the Second Circuit upheld the definition as constitutional. In *Hotaling*, the defendant had possessed images where six minor females had their heads taken "from their original, non-pornographic photographs and superimposed over the heads of images of nude and partially nude adult females engaged in "sexually explicit conduct."" *Id*. at 727. The defendant in *Hotaling* argued that the definition of child pornography was overly broad and unconstitutional; however, the court unambiguously stated that "(s)exually explicit images that use the faces of actual minors are not protected expressive speech under the First Amendment." *Id*. at 730.

In *Doe v. Boland*, 698 F.3d 877, the Sixth Circuit also found the definition of child pornography at Section 2256(8)(C) is constitutional and not overbroad. In *Doe*, the civil defendant took pictures of children from a stock photography website and placed their heads and faces "onto the bodies of adults performing sex acts." *Id*. at 879. Once again, the court in *Doe* found that the requirement for real identifiable minors to be depicted in the images prevented the statute from being unconstitutional. The court found "(t)hat Doe and Roe were real victims with real injuries," and this gave the court their first reason for rejecting the defendant's argument. *Id*. at 883. The Court also found that morphed images have a "relatively weak expressive value" and that because of this, in part, there is no First amendment protection. *Id.* at 884.

A recent case addressing the constitutionality of the definition comes from the Fifth Circuit in *United States v. Mecham* 950 F.3d 257 (2020). In *Mecham*, the defendant superimposed the faces of several young girls from innocuous photos onto the photographs and videos of adults engaged in sexual activity. *Id*. at 260. The defendant argued that because the underlying images and videos, containing the sex acts, did not originally display children, the images were therefore connotationally protected. *Id*. The court disagreed and concluded "that because morphed child pornography depicts an identifiable child, it falls outside the First Amendment." *Id*. at 267.

In the current case before this Court, the allegation is that the Defendant possessed numerous images of child pornography that consist of identifiable minors added to photographs of bodies engaged in sexually explicit conduct. As clearly outlined by several circuits above, Title 18 United States Code Section 2256(8)(C) is distinguishable from Section 2256(8)(B) on the basis that an "identifiable minor" is required for the definition of child pornography, rather than an image containing the depiction of someone that is "indistinguishable from that of a minor." What is important is that real identifiable minors' faces are placed on bodies that are engaged in sexually explicit conduct. These minors, without their involvement, consent, or knowledge, have their faces superimposed onto images that exist solely for sexual gratification and lack any artistic value or purpose. As contemplated by several courts, including the Supreme Court in *Ashcroft*, these images "implicate the interests of **real** children." *Ashcroft* 535 at 242 (emphasis added). Therefore, this Court should find that the statute is not overbroad and does not merit First Amendment protection.

## **VAGUENESS**

Defendant's second issue raised in his Motion to Dismiss this Indictment, is his claim that the language used in Title 18, United States Code Section 2256(8)(C) is unconstitutionally vague

and does not properly provide the Defendant with notice of what is and is not illegal. *See Defendant's Motion to Dismiss*. This is not the case. To prove their assertion, Defendant cites to *U.S. v. Davis*, 139 S. Ct. 2319, 2323 (2019). The *Davis* case contains a discussion about the crime of violence residual clause required for the Government to maintain a charge involving Title 18, United States Code Section 924(c), and not a discussion of any applicable child pornography laws.

In *United States v. Hilton*, 167 F.3d 61 (1999), the Defendant raised the void for vagueness argument as it relates to the entirety of the definition of child pornography outlined in Title 18, United States Code Section 2256(8). The court determined that the statute was not overly vague, with further discussion surrounding Section 2256(8)(B). *Id*. at 75-77. Overturning a statute for vagueness requires a substantial standard that must avoid prosecutions and enforcement that are discriminatory or arbitrary in nature. *Id*. at 75 (citing *Kolender v. Lawson* 103 S.Ct. 1855). The court held that the definitions for child pornography were not vague for several reasons, including that an element of scienter requires the government to show that the defendant "knowingly" possessed child pornography. *Id.*, *See* 18 U.S.C. Section 2252A(a)(5)(B). Moreover, the court found that "the statute's provisions "suitably limit" the reach of the Act so that a person of ordinary intelligence can easily discern likely unlawful conduct and conform his or her conduct appropriately." *Id*. at 76. While the Supreme Court in *Ashcroft*, struck down the definition of child pornography found at Section 2256(8)(B), it specifically noted no finding as to whether the statute was unconstitutionally vague. *Ashcroft* 122 S. Ct. at 238.

The facts are that the statute provides the Defendant with plenty of specific notice of what constitutes unlawful conduct, and specifically identifies what images would qualify as child pornography. Specifically, the statute requires that an" identifiable minor" be engaged in sexually explicit conduct. *See* 18 U.S.C. Section 2256(8)(C). Even "sexually explicit conduct" is not left

for the Defendant to decipher the meaning, as it is clearly defined at Title 18 United States Code Section 2256(2), and requires:

"actual or simulated—

(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii) bestiality;

(iii) masturbation;

(iv) sadistic or masochistic abuse; or

(v) lascivious exhibition of the anus, genitals, or pubic area of any person;"

While the Defendant argues that "most people will have no way of knowing if they possess illegal child pornography," this is clearly not the case. *See Defendant's Motion to Dismiss* at 3. The law definitively outlines what does, and does not, constitute child pornography, and both the Defendant, and general public, is on notice that if they possess images that display an "identifiable minor" engaged in "sexually explicit conduct" they will be deemed to have possessed child pornography in violation of 18 United States Code Section 2252A(a)(5)(B) and 2256(8)(C). Therefore, this Court should find that the statute is not unconstitutionally vague.

WHEREFORE, for the reasons set forth above, this Honorable Court should DENY Defendant's Motion to Dismiss this Indictment.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

/s/ *Michael L. Mitchell*
MICHAEL L. MITCHELL
Assistant U.S. Attorney
IL ID No. 6324363