IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 22-146 |
| | ) | |
| JAMES SMELKO | ) | |

## Opinion

Presently before the Court is Defendant James Smelko's Motion to Dismiss Indictment. ECF No. 62. Mr. Smelko argues that statutory definition of "child pornography" set forth in 18 U.S.C. § 2256(8)(C) is unconstitutionally overbroad and vague. The government has filed a Response defending the statute as constitutional. ECF No. 64. After careful review of Defendant's arguments, the government's Response, and the applicable law, the Motion to Dismiss Indictment will be denied.

Mr. Smelko is charged with one count of "knowingly possessing material that contained an image of child pornography as defined in Title 18, United States Code, Section 2256(8)(C)." Indictment, Count One, ECF No. 3. Specifically, Mr. Smelko is charged with possession of morphed material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & 2252A(b)(2). One of the elements of the crime the government must prove is that the visual depiction was child pornography as defined in 18 U.S.C. § 2256(8)(C). Indictment Mem. At 2, ¶ 3, ECF No. 4. Section 2256(8)(C) state as follows:

> (8) "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
>
>     . . .

> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. § 2256(8)(C).  As noted, Mr. Smelko is charged with possessing what is called "morphed material" depicting the sexual exploitation of a minor.  "Morphed material," is not a formal definition in the statute, but it is encompassed within subsection 8(C)'s definition of "a visual depiction that has been "created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct."  18 U.S.C. § 2256(8)(C).

**I.      Overbreadth**

Mr. Smelko argues that section 2256(8)(C) is unconstitutionally overbroad because it criminalizes speech protected by the First Amendment to the Constitution.  Mot. Dismiss 1-2 (citing *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002)).  The *Free Speech Coalition* decision addressed the constitutionally of 18 U.S.C. § 2256(8)(B), which criminalized "any visual depiction" that "is, or *appears to be*, of a minor engaging in sexually explicit conduct."  18 U.S.C. § 2256(8)(B) (emphasis added).  The Supreme Court explained that such visual depictions, or virtual child pornography, "appear to depict minors but were produced without using any real children."  *Free Speech Coalition*, 535 U.S. at 239.  In *Free Speech Coalition*, the Court found that the statute banning virtual child pornography was unconstitutionally overbroad.  *Id.* at 256.  Mr. Smelko argues that the images in this case, like the images at issue in *Free Speech Coalition*, do not depict real children and are readily distinguishable from illegal child pornography.

Subsection 2256(8)(C) prohibits possession of visual depictions in which it "appear[s] that an *identifiable minor* is engaging in sexually explicit conduct."  18 U.S.C. § 2256(8)(C) (emphasis added).  Such language is distinguishable from subsection 2256(8)(B), which prohibits sexually explicit images that *appear to depict minors*, who may, in fact, not be minors.

2

18 U.S.C. § 2256(8)(B).  The *Free Speech Coalition* Court commented on subsection 2256(8)(C), even though it was not being challenged and the Court was not considering it, as a statue that prohibitied a "more common and lower tech means of creating virtual images, known as computer morphing."  *Free Speech Coalition*, 535 U.S. at 242.  The Supreme Court also noted that "[a]lthough morphed images may fall within the definition of virtual child pornography, they implicate the interests of real children."  *Id.*

Subsection (C)'s definition requires the visual depiction of an "identifiable minor" and implicate the interests of real children.   Whereas as subsection (B)'s definition, as the Supreme Court emphasized, does not require that an actual minor be depicted.  Because subsection (C) requires the depiction of an identifiable minor with the concomitant actual harm such visual depictions cause to a real minor, the Court concludes that the statue is not overbroad or unconstitutional.  The Circuit Courts that have addressed the constitutionally of subsection (C) have reached the same conclusion.  *United States v. Mecham*, 950 F.3d 257, 267 (5th Cir. 2020) ("because morphed child pornography depicts an identifiable child, it falls outside the First Amendment"); *United States v. Anderson*, 759 F.3d 891, 896 (8th Cir. 2014) (Conviction for image using identifiable minor on adult body engaged in sexually explicit conduct did not violate First Amendment, explaining that minor suffered from appearing in an image purporting to show the minor engaged in sexually explicit conduct[1]); *Doe v. Boland*, 698 F.3d 877, 884 (6th Cir.

---

[1] In *Anderson* the Circuit Court declined to affirm the district court on the basis that subsection (C) was constitutional because it involved an identifiable minor.  *United States v. Anderson*, 759 F.3d 891, 895 (8th Cir. 2014).  The *Anderson* Court distinguished the Eighth Circuit's opinion in *United States v. Bach*, noting that in *Bach* the visual depiction of the "identifiable minor" included an actual minor engaged in sexually explicit conduct, and therefore the depiction captured a crime.  *Id.*  However, the *Bach* Court emphasized that an identifiable minor had been harmed: "Although there is no contention that the nude body actually is that of [the minor] or that he was involved in the production of the image, a lasting record has been created of [the minor], an identifiable minor child, seemingly engaged in sexually explicit activity."  400 F.3d 622, 632 (5th Cir. 2005); see also *United States v. Hotaling*, 634 F.3d 725, 729 (2nd Cir. 2011) (rejecting argument that use of adult bodies in morphed pictures distinguishes case from *Bach*, explaining that in *Bach*, "the court based its decision on the presence of a minor's recognizable face").

2012) ("using identifiable features of children" places actual minors at risk of reputational harm and are thus not protected expressive speech under the First Amendment (citing *Hotaling*, 634 F.3d at 729-30, quotations omitted); and *United States v. Hotaling*, 634 F.3d 725, 730 (2nd Cir. 2011) ("Sexually explicit images that use the faces of actual minors are not protected expressive speech under the First Amendment"). Accordingly, Mr. Smelko's challenge that the statue is overbroad will be denied.

II. **Vagueness**

Mr. Smelko is accused of possessing a visual depiction that has "been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(C). Mr. Smelko argues that section 2256(8)(C) is unconstitutionally vague, specifically with respect to the definition of "identifiable minor" provided in subsection 2256(9). Subsection 2256(9) defines "identifiable minor," in part, as a minor "(A)(ii) who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature," which "(B) shall not be construed to require proof of the actual identity of the identifiable minor." Mr. Smelko argues that the statue is vague because the definition of "identifiable minor" relies "on recognizability and proof of identity" and that an ordinary citizen will not have proper notice of what the statute prohibits "because the law requires third party recognitions and identification." Mot. Dismiss 3.

"'A statute is void on vagueness grounds if it: (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits"; or (2) "authorizes or even encourages arbitrary and discriminatory enforcement."'" *United States v. Amirnazmi*, 645 F.3d 564, 588 (3d Cir. 2011) (quoting *United States v. Stevens,* 533 F.3d 218, 249 (3d Cir.2008) (quoting *Hill v. Colorado*, 530 U.S. 703, 732, (2000)).

In order to establish that a defendant committed the crime of possessing morphed material depicting the sexual exploitation of an identifiable minor the government must prove, among other elements, that the defendant *knew* that the visual depiction was of an identifiable minor, as defined in subsection 2256(9). The Supreme Court has stated that "'scienter requirements in criminal statutes 'alleviate vagueness concerns,' because a *mens rea* element makes it less likely that a defendant will be convicted for an action that he or she committed by mistake.'" *United States v. Fullmer*, 584 F.3d 132, 152 (3d Cir. 2009) (citing *Gonzales v. Carhart*, 550 U.S. 124, 149 1610 (2007)). Furthermore, the statute's scienter requirement, that the government prove the defendant acted knowingly, means that the defendant must have acted voluntarily and intentionally and not because of mistake or accident or other innocent reason. Third Cir. Model Crim. Jury Instructions § 5.02. The Court concludes that the language of both, the statute prohibiting morphed material depicting sexual exploitation of an identifiable minor, and the statute defining "identifiable minor," provide "fair warning of the conduct that it makes a crime." *Rogers v. Tennessee*, 532 U.S. 451, 457 (2001) (citation omitted). The Court concludes that the statutes provide ordinary citizens with "fair warning" of what conduct is prohibited. *Fullmer*, 584 F.3d at 152. Therefore, the statutes are not unconstitutionally vague.

### III. Conclusion

Mr. Smelko challenges 18 U.S.C. §§ 2256(8)(C) and 2256(9) as unconstitutionally overbroad and vague. As explained above, the Court finds that the statutes are constitutional. Therefore, Mr. Smelko's Motion to Dismiss Indictment, ECF No. 62, is DENIED.

Dated: July 19, 2023

_____
Marilyn J. Horan
United States District Court Judge