IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. No. 22-146 |
| JAMES SMELKO | |

**GOVERNMENT'S MOTION IN LIMINE FOR AN ORDER
TO PROTECT THE IDENTIFICATION OF VICTIMS AND WITNESSES**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Michael L. Mitchell, Assistant United States Attorney in and for said District, and Gwendelynn Bills, Trial Attorney with the U.S. Department of Justice Child Exploitation and Obscenity Section, and hereby files the following Motion in Limine for an Order to Protect the Identification of Victims and Witnesses, and in support of the same, sets forth the following:

The government respectfully requests that the Court issue an order that the privacy protection measures mandated by 18 U.S.C. § 3509(d) apply to this case to the applicable minor victim and witnesses, as well as an order protecting the privacy of victims and witnesses pursuant to 18 U.S.C. § 3771(a)(1) and (8). The Government respectfully requests that this Court prohibit the defense from mentioning during voir dire, opening statement, closing argument, questioning of witnesses (including the defendant if he chooses to testify), or at any time, the full name or other identifying information of any of the victims and testifying victims in this case.[1]

---

[1] The full names of the victims have either been disclosed to the Defendant or made available for review at a government facility, along with the child pornography materials.

1

This case involves the exploitation of many, now adult, victims whose minor images have been morphed onto bodies engaged in sexually explicit conduct, and the lewd and lascivious display of the body's genitals. Additionally, some of the victims remain minors. At trial, the government intends to call three of the victims to testify. Two of the victim witnesses are now adults, one of the victim witnesses remains a minor. All the victims in this case are public facing figures known, to varying degrees, by the public due to their works in the entertainment industry. Federal law provides that all victims of crime have certain rights, including "the right to be reasonably protected rom the accused," and the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(1) and (8).  Moreover, the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act, 18 U.S.C. § 3509, and the Crime Victim Rights Act, 18 U.S.C. § 3771, apply to this case.  The Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be . . . a victim of a crime of abuse, sexual abuse, or exploitation . . . or a witness to a crime committed against another person."  18 U.S.C. § 3509(a)(2).

The Act also permits the Court to issue a protective order "protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child."  18 U.S.C. § 3509(d)(3)(A).  A protective order may: (i) provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has a reason to anticipate that the name of any other information concerning a child may be divulged in testimony, be taken in a closed courtroom; and (ii) provide for any other measures that may be necessary to protect the privacy of the child.  18 U.S.C. § 3509(d)(3)(B).

Although closure of the courtroom is authorized by statute, the Government is not seeking closure.  Rather, the Government merely asks that the minors involved be referred to by their first names and last initial at trial and during pre-trial and post-trial proceedings.  The government makes this request in an effort to protect the privacy and reputation of the minors involved, to minimize additional emotional trauma which likely would result from publication of their identities, and to minimize any personal embarrassment the minors will experience at trial.  See United States v. Anderson, 139 F.3d 291, 301-01 (1st Cir.), cert. denied, 119 S. Ct. 158 (1998) (upholding a district court's order relying on 18 U.S.C.§ 3509(d)(3) and prohibiting disclosure of the last names of two juvenile witnesses at trial).  Additionally, potential witnesses in this case are currently young adults who were children when the alleged criminal offenses occurred; therefore, they are entitled to the privacy protection afforded under the Crime Victims' Rights Act.  Although these witnesses currently do not fall within the definition of "child" as defined in 18 U.S.C. § 3509, they are protected by the Act because the alleged criminal offenses occurred when they were children.  In light of the nature of the allegations involved, an order restricting the use of the names of the victims and witnesses would be in accordance with the Crime Victims' Rights Act and consistent with the spirit of 18 U.S.C. § 3509 governing child victims. The interest in protecting the welfare and safety of the minor victims and witnesses involved in this case greatly outweighs any prejudice to the defendant.

Accordingly, in order to protect the privacy and reputation of all of the victims involved in this case, the government requests an order that requires that the victims and witnesses be referred to only by their first names and last initial in all papers to become part of the public record and during the pre-trial, trial, and post-trial proceedings; and that the attorneys for the defendant and

their employees take all necessary precautions to prevent disclosure of the personally identifying information of the minors in the case.

Given (i) the compelling interest in protecting the welfare and privacy of the victims involved in this case, (ii) the fact that the trial will be open to the public, and (iii) that it is possible to be reported on in the local media, the government respectfully requests that the Court grant the relief requested herein to protect the identities of the minor victims and witnesses involved in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/* Michael L. Mitchell
Michael L. Mitchell
Assistant United States Attorney
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
IL ID No. 6324363


*/s/* Gwendelynn Bills
GWENDELYNN BILLS
Trial Attorney
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue N.W.
Washington D.C.
TN ID No. 034150