IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 22-cr-146 |
| JAMES SMELKO | |

**GOVERNMENT'S TRIAL BRIEF**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, Michael L. Mitchell, Assistant United States Attorney for said District, and Gwendelynn Bills, Trial Attorney for the Department of Justice Child Exploitation and Obscenity Section, and files the following Trial Brief.

I.  **Introduction**

This case began when law enforcement was investigating suspected child pornography offenses occurring at the residence of Gilbert McCauley. *See* Opinion and Order on Motion to Suppress Evidence, ECF No. 57 (reciting background of investigation into Mr. McCauley). During that investigation, law enforcement conducted a search of McCauley's residence for evidence relating to the child pornography conduct. Defendant James Smelko, a previously convicted sex offender who met McCauley in prison, was McCauley's roommate at the time and electronics determined to belong to him were also searched. One computer in particular, in a room the Defendant rented from McCauley, was determined during the search to contain images that meet the federal definition of child pornography. The pictures on the Defendant's computer were a very specific type of child pornography referred to as "morphed" images. This category of images is defined by statute "as visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(c).

1

Subsequent forensic examination found a large collection of morphed child pornography on the Defendant's computer. Numerous other devices seized from the Defendant's areas of the residence also contained similar images.

The Defendant was charged by a federal grand jury on June 7, 2022, with one count of possessing material containing an image of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2). Defendant James Smelko was originally granted pre-trial release on June 22, 2022. On October 19, 2022, a Petition for Action on Conditions of Pretrial Release was filed related concerning behavior identified by the monitoring software on the Defendant's phone. On November 10, 2022, the Defendant's pre-trial release was revoked due to his violations of pre-trial conditions. ECF No. 55.

Forensic examination of the phone identified similar images of morphed child pornography, as well as other evidence consistent with an interest in children, child entertainers and child pornography. A superseding indictment was then filed against the Defendant on August 1, 2023, alleging a second count of possession and accessing with the intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2). ECF No. 82.

## II. The Charges to be Proven at Trial

In Count 1 of this case, the government has the burden of proving, first, that defendant knowingly possessed one or more items which contained a visual depiction. 18 U.S.C. § 2252A(a)(5)(B)  Second, that the visual depiction had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce, or in and affecting interstate or foreign commerce, by any means, including by computer, or had been produced using materials which had been mailed, transported, or shipped in interstate or foreign commerce by any means, including by

computer.[1] *Id.* Third, that the visual depiction was child pornography as defined. In this case child pornography is defined as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. 18 U.S.C. § 2256(8)(C). An "identifiable minor," in turn is defined as a person whose image from when they were a minor was used in creating, adapting, or modifying the visual depiction and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic. 18 U.S.C. § 2256(9)(A). Proof of the actual identity of the identifiable minor is not required. *Id.* § 2256(9)(B).

In Count 2 of this case, the government has the burden of proving, first that defendant knowingly possessed, or knowingly accessed with intent to view, one or more items which contained a visual depiction. 18 U.S.C. § 2252A(a)(5)(B)  Second, that the visual depiction had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce, or in and affecting interstate or foreign commerce, by any means, including by computer, or had been produced using materials which had been mailed, transported, or shipped in interstate or foreign commerce by any means, including by computer. *Id.* Third, that the visual depiction was child pornography as defined. In this case child pornography is defined as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where such visual depiction has been created, adapted, or modified to appear that an

---

[1] Essentially, this requires proof that either the images or the device they were possessed on traveled across state or international lines. Evidence on this element of Count One was the subject of the government's Motion in Limine, ECF No. 70, which the court granted.

3

identifiable minor is engaging in sexually explicit conduct. 18 U.S.C. § 2256(8)(C). Thus, the key difference between the elements on Count One and Count Two is that Count Two can be proven through knowing access of the item containing the images. The remaining elements and definitions are identical.

"Sexually explicit conduct" has been defined by statute to include, among other things, "actual or simulated – (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; . . . (iii) masturbation; . . . or (v) lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A). In determining the meaning of the phrase "lascivious exhibition," the United States Court of Appeals for the Third Circuit has explained that the phrase "means a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *United States v. Knox,* 32 F.3d 733, 745 (3d Cir. 1994).

To determine whether material depicts a "lascivious exhibition of the genitals," the Third Circuit has adopted the six-part, non-exclusive test, set forth in *United States v. Dost,* 636 F.Supp. 828 (S.D. Cal. 1986). *See Knox,* 32 F.3d at 745-46 & n. 10; *United States v. Villard,* 885 F.2d 117, 122 (3d Cir. 1989). The *Dost* factors serve as "helpful guidelines" for the jury to in assessing what are ultimately "ordinary" and common-sense concepts" of sexual explicitness and lasciviousness. *United States v. Heinrich*, 57 F.4th 154, 161 (3d Cir. 2023). These factors direct the jury to consider the following:

1. Whether the focal point of the visual depiction is on the child's genitalia or pubic area;
2. Whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

4

3. Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4. Whether the child is fully or partially clothed, or nude;

5. Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

6. Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.[2]

*Dost,* 636 F. Supp. at 832. The "analysis is qualitative and no single factor is dispositive." *Knox*, 32 F.3d at 746 n. 10. At least two factors need to be present to support a lasciviousness finding, but not all factors need to be satisfied. *Heinrich*, 57 F.4th at 161. This is a holistic inquiry, considering the age of the minor and the entirety of the image itself. *Heinrich*, 57 F.4th at 161; *Villard*, 885 F.2d at 122. The jury should not be made to rely on the Dost factors with precision to reach a mathematical result, or to weigh or count them, or to rely on them exclusively. *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008). Notably, this analysis is only required to determine whether an image constitutes lascivious exhibition of the genitals or pubic area, it can be foregone entirely where an image depicts other conduct proscribed by the statute like genital-genital sexual intercourse. *See* 18 U.S.C. § 2256(2)(A). Both types of images will be either displayed to or described to the jury in this case, as discussed in greater depth below and at prior hearings.

---

[2] This factor "reminds us to look at the picture as a whole." *United States v. Heinrich*, 57 F.4th 154, 161 (3d Cir. 2023).

### III. The Admission of Child Pornography as Direct Evidence of Crimes Charged

The jury in this case will be tasked with determining whether the morphed images charged in Counts One and Two depict morphed child pornography. During trial, the government does not intend to introduce into evidence every image of the extensive collection of sexually explicit depictions of children alleged to have been possessed or accessed by defendant Smelko, which includes images that depict things like sadistic or masochistic abuse and children who appear to be crying. Instead, the government previously presented to the Court the highly select and condensed excerpt of images found on defendant's computer and phone as direct evidence of his crimes. The government will do this using individual exhibit folders for each alleged image of child pornography to be passed out to the jurors when published. In total, the government will seek to admit only four images of child pornography, three of which relate to Count One, and one of which relates to Count Two, as direct evidence. As discussed at prior hearings and in filings (ECF No. 76), these images have been selected to meet the necessary elements of proof at trial while avoiding any unduly inflammatory content (such as the sadistic/masochistic images). Additionally, the government intends to introduce cropped images of child pornography, the majority of which only display the minor's face and one of which displays what appears to be the spine of a DVD case that contains the minor's face along with additional text. The government also intends to introduce the original image (a still shot from a movie) from which a morphed child pornography image was created. The government anticipates that Federal Bureau of Investigation Special Agent Lauren Scott will testify regarding each of these "sanitized' images about the sexually explicit conduct depicted in the full version of the image found on the Defendant's computer in clinical terms. For example, Special Agent Scott may testify that one of the "sanitized" images shows a testifying victim's face, taken when the victim was a minor, imposed onto a nude female body.

The nude body is on top of a nude adult male's body and the adult male's erect penis is entering the female's vagina. This evidence has previously been presented to the Court and is intended to assist the jury in determining that the minors displayed in the photographs are *identifiable*, as well as establishing the Defendant's knowledge that the people in the images were minors at the time.

The government's careful approach in this case, by seeking to admit four images of child pornography, and a discussion of several cropped images, is consistent with courts rulings in this Circuit and others. *See United States v. Cunningham*, 694 F.3d 372, 392 (3d Cir. 2012). This Court has viewed the government's exhibits and conducted a Rule 403 balancing test and ruled that their admission is proper at the Final Pretrial Conference on October 26, 2023. This Court should continue to permit the jury to view both the images of child pornography, and cropped images retrieved from the defendant's child pornography collection. Indeed, these images and videos are not unfairly prejudicial because, they are a fair and accurate representation of defendant's child pornography collection and are directly relevant to the key and contested issues of defendant's knowing possession and access. Additionally, the parties have jointly submitted instructions to be read prior to and after viewing child pornography evidence. The government anticipates that this evidence will only be shown to the jury once and all through one witness—Special Agent Scott.[3] Thus, the first instruction can be read to the jury prior to showing the first image of child pornography and the second instruction can be read after the final image is shown.

### IV.     Knowledge of Illegality is an Improper Argument

The Defendant's belief about whether the images he possessed were child pornography or about the propriety of the law criminalizing morphed child pornography is not relevant. No

---

[3] The government anticipates laying the foundation for the exhibits—both the child pornography exhibits and the sanitized exhibits—through prior witnesses and moving to admit the exhibits at that stage. However, the government will not seek to publish until Special Agent Scott testifies.

argument, questions, or testimony at trial should relate to whether the Defendant was aware that morphed child pornography was illegal. The government does not anticipate that the Defendant will pursue these theories but submits this briefing out of an abundance of caution.

To find the Defendant guilty at trial, the jury must find that the Defendant was "aware of the general nature and character of the material" that he possessed. *Knox*, 32 F.3d at 754. The Defendant does not need to know that the images are illegal. *Id.*[4] This is consistent with the long-established understanding that ignorance of the law is no defense. *See Cheek v. United States*, 498 U.S. 192, 199 (1991) ("The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system."). As the Third Circuit noted, "[t]he child pornography laws would be eviscerated if a pedophile's personal opinion about the legality of sexually explicit videos was transformed into the applicable law." *Id.*

Accordingly, any defense premised on the idea that the defendant did not believe that the images in his possession satisfied the statutory requirements to qualify as illegal child pornography should be excluded at trial. Whether he knew that it was illegal to possess the morphed sexually explicit images of minors on his electronic devices is entirely irrelevant under the law. Lines of questioning and argument related to whether he knew or believed that the images in his possession

---

[4] *See also United States v. Silva*, 794 F.3d 173, 182 (1st Cir. 2015) (noting that, in order to convict under § 2252, the government need only show that the defendant generally knew the facts that make his conduct fit the definition of the offense, even if he does not know that those facts give rise to a crime); *United States v. Matthews*, 209 F.3d 338, 351 (4th Cir. 2000) (rejecting a willfulness requirement and finding that the knowledge requirement in § 2252 applies to "the sexually explicit nature of the materials as well as to the involvement of minors in the materials' production"); *United States v. Moncini*, 882 F.2d 401, 405–06 (9th Cir. 1989) (rejecting defendant's theory in a child pornography case that he could not be convicted because he was not aware it was illegal to traffic in such imagery); *cf. Hamling v. United States*, 418 U.S. 87, 123 (1974) (interpreting 18 U.S.C. § 1461) (holding it is sufficient to find a violation of 18 U.S.C. § 1461's obscenity offense, that "a defendant had knowledge of the contents of the materials" and "knew the character and nature of the materials").

satisfied the legal definition of child pornography would therefore be nothing more than a confusing and misleading distraction to the jury, and the Court should exclude such evidence at trial as irrelevant under Federal Rule of Evidence 402 or, alternatively, misleading, confusing, and a waste of time under Federal Rule of Evidence 403. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

### V.     Conclusion

The government submits this Trial Brief in anticipation of issues that may arise during the course of the trial in an attempt to advise the Court of the government's position at the outset.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

 /s/ Michael L. Mitchell
MICHAEL L. MITCHELL
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
IL ID No. 6324363


/s/ Gwendelynn E. Bills
GWENDELYNN E. BILLS
Trial Attorney
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue N.W.
Washington, D.C. 20005
TN ID No. 034150