IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No.   22-cr-146 |
| JAMES SMELKO | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, Michael L. Mitchell, Assistant United States Attorney for said District, and Gwendelynn Bills, Trial Attorney for the Department of Justice Child Exploitation and Obscenity Section, respectfully files the following Memorandum in Aid of Sentencing:

Upon consideration of all the factors set forth in Title 18, United States Code, Section 3553(a), the government requests that the Court sentence defendant James Smelko to a term of imprisonment of 188 months, at the high end of the guideline range.

The Court is required to give "meaningful consideration" to all of the relevant Section 3553(a) factors. *Gall v. United States*, 552 U.S. 38 (2007); *United States v. Larkin*, 629 F.3d 177, 197 (3d Cir. 2010); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). However, the Court need not discuss each factor if the record makes clear that the Court took all relevant factors into account in imposing sentence. *United States v. Thornhill*, 759 F.3d 299 (3d Cir. 2014); *Cooper*, *supra*, 437 F.3d 329.

### I. FACTUAL AND PROCEDURAL CONTEXT

On June 7, 2020, a grand jury in the Western District of Pennsylvania returned a one-count Indictment charging defendant James Smelko with Possession of Material Containing an Image of

Child Pornography, on or about May 7, 2021, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2). On August 1, 2023, a grand jury sitting in the Western District of Pennsylvania returned a Superseding Indictment against James Smelko, re-alleging Count 1 and adding Count 2 charging Mr. Smelko with Accessing with the Intent to View Material Containing an Image of Child Pornography on or about October 14, 2022. On November 15, 2023, Mr. Smelko was found guilty by jury verdict at Counts 1 and 2 of the Superseding Indictment.

As this Court is aware, the Federal Bureau of Investigation (FBI)'s investigation into Mr. Smelko was initiated with a CyberTip that led to Mr. Smelko's shared residence in East Pittsburgh, Pennsylvania. The FBI conducted a search warrant at the residence where FBI special agents and task force officers encountered Mr. Smelko. Mr. Smelko's devices were preliminarily searched, and agents observed several images of what appeared to be child sexual abuse material on Mr. Smelko's green desktop computer. Mr. Smelko was interviewed, and he admitted that the green computer was his, and that agents would find pornography on the computer of edited images where parts of the image had been cut and pasted. The computer was seized, and forensic analysis was performed by the FBI. Three hard drives were found in the green computer, and the agents discovered morphed child pornography. The child pornography included images of nude bodies engaged in sexual acts, and the lascivious display of genitals, where female child celebrity faces were transposed onto these bodies. In October 2022, Mr. Smelko's supervising pre-trial probation officer observed concerning images and searches on Mr. Smelko's monitored cellular device. Mr. Smelko's device was seized, and the FBI performed a forensic analysis of the device. The FBI found that Mr. Smelko was once again searching for child stars, including some of the same victims from his prior arrest, and accessed more morphed child pornography. In total, Mr. Smelko

possessed and accessed with the intent to view approximately 100 images of child pornography, and the images included prepubescent minors, as well as the sadistic or masochistic abuse of the minors.

II.     CONSIDERATION OF THE 3553(a) FACTORS

    a. The Nature and Circumstances of the Offense (§ 3553(a)(1))

It is beyond dispute that the sexual exploitation of minors is a very serious crime. This is reflected by defendant's advisory guideline range—his total offense level is 33 and, with a Criminal History category of II, the resulting guideline imprisonment range is 151 – 188 months' imprisonment.   Presentence Investigation Report ("PSIR") at ¶ 79.

Congress has explicitly recognized that child pornography offenses are "crimes of violence." See 18 U.S.C. § 3156. "An offender's images pornography and erotica collection is the single best indicator of what he wants to do." KENNETH V. LANNING, OFFICE OF JUVENILE JUSTICE AND DELINQUENCY PREVENTION, CHILD MOLESTERS: A BEHAVIORAL ANALYSIS–FOR PROFESSIONALS INVESTIGATING THE SEXUAL EXPLOITATION OF CHILDREN, 107 (5TH ED. 2010).

The seriousness of defendant's crime is underscored by the profound and lasting impact it has on its child victims. *See* U.S. Sentencing Comm'n, *Report to Congress: Federal Child Pornography Offenses*, at vi (December 2012), *available at* http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf (child pornography offenses "result in perpetual harm to victims and validate and normalize the sexual exploitation of children"). The victims live in fear that the people they interact with have viewed the sexual abuse images and will recognize them, leading to difficulty in maintaining jobs,

3

relationships, and an increase in alcoholism later in life. *See id.* at 112-13. These victims "suffer by knowing that their images are being used by offenders for sexual gratification and potentially for 'grooming' new victims of child sexual abuse." *Id.* (footnote omitted).

The impact of this offense on Mr. Smelko's victims is made evident by the Victim Impact statements submitted to the Court in this case. These victims explain just how harmful and traumatizing having innocent images digitally modified to be sexually explicit can be. As one victim put it, it left her feeling "violated and disgusted." This offense has forever changed her and the other victims of Mr. Smelko, who described the profound impact this has had on their mental health. One victim's family member noted that learning about this offense has caused "extreme anxiety, fear, and paranoia" and a family member of another victim described it as unlocking "new fears" and "crippling mentally" for the victim. Another victim explained that the knowledge of this crime impacts her daily, constantly worrying when the images will reappear on the internet, and that it has deprived her of her prior passions. Multiple victims explained that they are currently reconsidering their plans for the future—be it work or school—due to fears related to these images being circulated and how their innocent images have been manipulated. Collectively the statements by these brave girls paint a tragic but compelling picture of lives disrupted and innocence stolen due to the very real impact of this "morphed" child sexual abuse material. A sentence at the high end of the guidelines is necessary to due justice to the profound harm Mr. Smelko caused these and all other victims.

### b. History and Characteristics of the Defendant (§ 3553(a)(1))

The defendant's prior criminal history is disturbing and demonstrates his lifelong prurient sexual interest in children. During the summer of 1999, when the defendant was 33 years old, he

4

engaged in the sexual battery of a minor, and the illegal use of a minor in nudity-oriented material or performance, as well as a host of other bad acts. Mr. Smelko did not take responsibility for his actions in that case, instead taking the case to trial after which he was sentenced to approximately 10 total years of imprisonment. The defendant now finds himself in Court for more sexual exploitation crimes against children. The defendant's willingness to continue to act out his sexual desires against children, throughout his life, demonstrates his poor character. Mr. Smelko remains an immense danger to children, and a sentence of 188 months is appropriate in light of his history and characteristics.

### c. Seriousness of the Offense, Respect for the Law, Just Punishment (§ 3553(a)(2)(A))

The law is clear that child pornography crimes warrant stringent sentences. The Court of Appeals for the Third Circuit has expressed disapproval of extremely lenient, below guideline range sentences in these cases. In *United States v. Goff*, 501 F.3d 250 (3d Cir. 2007), the district court sentenced a child pornography defendant to four months of imprisonment, even though the applicable guideline range was 37 to 46 months. The Third Circuit vacated the sentence and remanded for sentencing, holding that such a lenient sentence was unreasonable. *Id*. at 262. The court reasoned that the district court gave short shrift to the Sentencing Guidelines and did not properly consider a variety of 3553 factors. Goff downplayed the seriousness of the offense by implying that it was a victimless crime, which was a solitary, private activity driven by his curiosity of the subject. The Third Circuit rejected these claims as follows:

> Children are exploited, molested, and raped for the prurient pleasure of Goff and others who support suppliers of child pornography. These small victims may rank as no one else in Goff's mind, but they do indeed exist outside his mind. Their injuries and the taking of their innocence are far too real. There is nothing casual or theoretical about the scars they will bear from being abused for Goff's advantage.

5

> Far from persuading us that Goff's crime was relatively minor, his efforts to downplay the harm his actions have inflicted on others serve chiefly to highlight the concern the District Court should have had with Goff's failure to appreciate the seriousness of the offense.

*Id.* at 258-59. More recently, the Sixth Circuit underscored the seriousness of child pornography offenses. *United States v. Schrank*, 2020 WL 5511980, at *1-2 (6th Cir. Sept. 14, 2020).

The government urges this Court to similarly fashion a sentence that recognizes the seriousness of Mr. Smelko's offense while providing for just punishment. A sentence of 188 months, within his guideline range, accomplishes this goal.

### d. Deterrence (§ 3553(a)(2)(B))

Deterring the sexual exploitation of minors must be given significant weight at sentencing—children are the most defenseless members of our society and exploiting a child's innocence by seeking out and possessing child sexual abuse material is an egregious crime. Practically speaking, severe criminal penalties for those who commit crimes exploiting children is critical to drying up the market and decreasing demand for material that exploits children. *See Goff*, 501 F.3d at 261 & (reversing the district court and stating: "The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it, and so the more it will be produced. . . . deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing . . . .").

Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is a very important factor when considering an appropriate sentence. *See United States v. Ferber*, 458 U.S. 747, 760 (1982) ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal

6

penalties on persons selling, advertising, or otherwise promoting the product"); *Osbourne v. Ohio*, 495 U.S. 102, 109-10 (1990) ("It is also surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand"). Accordingly, this factor includes the deterrence of the defendant in the instant case, as well as those who many consider similar offenses in the future. *See United States v. Bistline*, 720 F.3d 631, 634 (6th Cir. 2013).

Moreover, as the *Schrank* court pointed out: "[c]hild pornography offenses happen in the shadows, making it difficult to apprehend perpetrators . . . . It is thus especially important that courts impose sentences sufficient to deter this clandestine criminal conduct." 2020 WL 5511980, at *2. This case is particularly worthy of general deterrence given the nature of the images. Other offenders, like Mr. Smelko dismissively claimed during his interview, may believe the offense of possessing morphed images to be somehow less serious of a crime than possessing other form of child sexual abuse material. This Court's sentence should stand as a warning beacon to all others in the defendant's shoes. It can make clear that possessing sexual abuse material depicting children of any form is reprehensible and the punishment will be both certain and severe.

e. **Protect the Public (§ 3553(a)(2)(C))**

Research focused on federal offenders published in the Journal of Sexual Aggression underscores the grave risk that crimes like possession and distribution of child pornography pose to children. The lack of physical contact in these offenses has fostered a frequent, erroneous assumption that "these offenders are somehow distinct from child molesters (i.e., 'hands-on' abusers)" and therefore not deserving of guideline sentences. M.L. Bourke, et. al., *The Use of Tactical Polygraph with Sex Offenders*, J. of Sexual Aggression 1, 5 (2014). (The authors are of

7

this article were exclusively federal researchers or investigators, from the U.S. Marshals Service, FBI, U.S. Postal Inspection Service, U.S. Secret Service and U.S. Attorney's Office).

Significantly, in a sample of 127 suspects with no known history of hands-on offending, only 4.7% admitted sexually offending against at least one child victim. During polygraph, an additional 52.8% of the men tested disclosed hands-on sexual abuse. *Id.* at 17. The researchers drew the following conclusions from their work: 1) researchers, treatment providers and legal officials should avoid placing offenders into groups labeled as "hands-off" based on the absence of such crimes in their criminal histories; 2) the study affirmed extant research that child pornography offenders are sexually attracted to children, and that a large percentage of these individuals have victimized at least one child via an act of hands-on sexual abuse; 3) "significant crossover" exists between contact and non-contact child exploitation because of the shared motivational pathway – sexual interest in children. *Id.* at 11, 20-21.

Mr. Smelko's criminal conduct in this case, as well as his past criminal convictions demonstrates a lifelong sexual interest in children, thus making him a danger to children.

    **f.  Need to Avoid Sentencing Disparity (§ 3553(a)(6))**

Mr. Smelko has committed serious child pornography crimes in a manner that triggered several fact-based enhancements. "Sentencing disparities are at their ebb when the Guidelines are followed, for the ranges are themselves designed to treat similar offenders similarly. That was the main goal of the Sentencing Reform Act. The more out-of-range sentences that judges impose . . .the more disparity there will be." *United States v. Shrake*, 515 F.3d 743, 748 (7th Cir. 2008).

### III. SUPERVISED RELEASE

The Defendant's offense carries a supervised release term of at least 5 years up to a lifetime term. 18 U.S.C. § 3583(k). Notably, the Sentence Guidelines Policy Statement indicated that for sex offenses such as Mr. Smelko's offenses, "the statutory maximum term of supervised release is recommended." U.S.S.G. § 5D1.2(b). Mr. Smelko's criminal history, combined with his commission of a new offense while on pretrial release in this offense, show a need for substantial monitoring to ensure the safety of the community. Respectfully, the government submits that a lifetime term of supervised release is appropriate in this case.

### IV.   RESTITUTION

Only one of the numerous identified victims of Mr. Smelko's offenses has submitted a request for restitution. ECF No. 135. Restitution in this case is mandatory for the full amount of the victim's losses proximately caused by the defendant's conduct. 18 U.S.C. § 2259; *Paroline v. United States*, 572 U.S. 434 (2014). Before ordering restitution, the Court must "determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking" of the victim's child sexual abuse material. 18 U.S.C. § 2259(b)(2)(A). Once the Court has determined that losses were incurred, the Court must order restitution "in an amount that reflects the defendant's relative role in the causal process" but the order must be at least $3,000. § 2259(b)(2)(B).

At this time, the government recognizes a need for additional information related to the victim's restitution claim. The government will continue to seek the necessary information prior to the scheduled sentencing. Should the victim's losses not be fully ascertained at the time of the sentencing, the government respectfully requests that the Court set a restitution hearing within 90

9

days of sentencing pursuant to 18 U.S.C. § 3664(d)(5). *See Dolan v. United States*, 560 U.S. 605, 613 (2010) (holding that the "effort[] to secure speedy determination of restitution is primarily designed to help victims of crime secure prompt restitution rather than provide defendants with certainty as to the amount of their liability.").

## V.     SPECIAL ASSESSMENT

Mr. Smelko's offenses each carry three special assessments. The first, pursuant to 18 U.S.C. § 3013, is $100 mandatory special assessment per count of conviction, totaling $200 here. The second, pursuant to 18 U.S.C. § 3014, is a $5,00 special assessment per count of conviction, however, it does not apply to indigent defendants. Finally, Mr. Smelko's offense are subject to one additional special assessment. On December 7, 2018, Congress enacted the Amy, Vicky, and Andy Child Pornography Victim Assistance Act. The Act instructs that, in addition to any restitution or other special assessment, courts "shall assess . . . not more than $17,000 on any person convicted of an offense under § 2252(a)(4)." 18 U.S.C. §§ 2259A(a)(1).  Assessments collected under this statute are deposited in the Child Pornography Victims Reserve, which provides monetary assistance to victims of trafficking in child pornography, see §§ 2259(d) & 2259B, and shall be paid in full after any special assessment under § 3013 and any restitution to victims of the defendant's offense, see § 2259A(d)(2).   In determining the amount to be assessed under § 2259A, courts should consider the sentencing factors set forth in § 3553(a) and the guidance in § 3572 for the imposition of fines. § 2259A(c).   In imposing this special assessment, the Court can consider that the defendant is only facing a restitution request from a single victim, despite his other victims potentially having future needs, including counseling needs. The Court can further consider that the government has not to date, despite extensive efforts from the FBI, been able to identify every

10

single victim of the defendant's offense. The United States respectfully requests that the Court impose a reasonable special assessment under § 2259A.

## VI. VICTIM IMPACT

It is the practice of this district to inform the Court and counsel of any Victim Impact Statements by submission through the U.S. Probation Office. The government has thus submitted several Victim Impact Statements to the Court for consideration at the sentencing hearing.

## VII. FORFEITURE

In light of the defendant's conviction at trial, the government requests that the Court order forfeiture of the defendant's property outlined in the forfeiture allegation to include: One Seagate internal Hard Drive Device, M/N: ATAST31000528AS, S/N: 6VPA37XX, One Hitachi Internal Hard Drive Device, M/N: HDS721010DLE630, S/N: 5H1M0SJG, One Seagate Internal Hard Drive Device, M/N: ST2000DM001, S/N: Z4Z0F8KR, One green desktop computer, and One Samsung Ultra 22 Cell Phone S/N 350319812030294.

## VIII. CONCLUSION

For all the foregoing reasons, the government submits that this Court should conclude that a sentence of 188 months followed by a lifetime term of supervised release is warranted, provides just punishment, and is not greater than necessary to address defendant's crimes and the factors set forth at 18 U.S.C. § 3553(a).

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

/s/ Michael L. Mitchell
MICHAEL L. MITCHELL
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
IL ID No. 6324363


/s/ Gwendelynn Bills
GWENDELYNN BILLS
Trial Attorney
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue N.W.
Washington, D.C. 20005
TN ID No. 034150